# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID THIGPEN and REGINA THIGPEN, as Surviving Parents of Jerelyn Thigpen, deceased; <br><br> JAMES J. DALTON, II, as proposed Administrator of the Estate of Jerelyn Thigpen; <br><br> PIETER TEEUWISSEN AND LISA TEEUWISSEN, as Surviving Parents of Maya E. Teeuwissen; <br><br> NINA N. TEEUWISSEN AND LIA N. TEEUWISSEN, as Administratrices of the Estate of Maya E. Teeuwissen; <br><br> JEVONTE J. SMITH, as Surviving Parent of Alexander Pieter Smith; and <br><br> PIETER TEEUWISSEN AND LISA TEEUWISSEN, as Administrators of the Estate of Alexander Pieter Smith <br><br>     Plaintiffs, <br><br> NISSAN MOTOR CO., LTD.; NISSAN NORTH AMERICA, INC. SADDLE CREEK TRANSPORTATION INC.; ORLANDO OZELL JOHNSON; ZURICH AMERICAN INSURANCE COMPANY; POCH STAFFING INC. <br><br>     Defendants. | CIVIL ACTION NO.: _____ |

4862-9428-4074.2

# NISSAN NORTH AMERICA, INC.'S
# NOTICE OF REMOVAL

Nissan North America, Inc. ("NNA"), through its undersigned counsel, hereby removes the above-captioned action from the State Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, NNA shows the Court the following:

## BACKGROUND

1. In this wrongful death action arising from a motor vehicle crash, Plaintiffs attempt to avoid removal by fraudulently joining a non-diverse defendant, Orlando Ozell Johnson, the operator of a tractor-trailer, despite having no actionable negligence claim against him. Instead, Plaintiffs' decedent, who was criminally cited with two counts of homicide by vehicle—among other criminal charges, caused the crash by driving her 2012 Nissan Altima into Defendant Johnson's tractor-trailer.

2. On October 10, 2020, Jerelyn Thigpen was driving eastbound in a Nissan Altima on Interstate 20 in the center lane, with Maya E. Teeuwissen and her son Alexander Pieter Smith as passengers. *See* Georgia Motor Vehicle Crash Report, p. 2, attached as "Exhibit A." At that time, Defendant Johnson was driving a tractor-trailer in the right lane of Interstate 20. *Id.* Jerelyn Thigpen drove her Nissan Altima into the tractor-trailer operated by Johnson, causing the crash. *Id.*

3. Jerelyn Thigpen was criminally cited with the following as a consequence of the collision: (1) two counts of homicide by vehicle under O.C.G.A. § 40-6-393(c); (2) one count under O.C.G.A. § 40-6-49 for following too closely; and (3) one count under O.C.G.A. § 40-6-180 for driving too fast for conditions. *Id.* at 3.

4. On April 28, 2022, Plaintiffs filed this wrongful death action against NNA and other defendants by filing a Complaint in the State Court of Clayton County in the State of Georgia, bearing case number 2022CV00864.

5. This Court is vested with jurisdiction of this matter under 28 U.S.C. § 1332, "diversity of citizenship," because there is diversity of citizenship between Plaintiffs and each proper defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, although Defendant NNA denies liability to Plaintiffs for damages in any amount.

6. The plaintiffs to this action are as follows:

   a. Plaintiff James J. Dalton, II ("Dalton") is the proposed administrator of Jerelyn Thigpen's estate and is a citizen of Georgia.

   b. Plaintiff David Thigpen is the father and next of kin of Jerelyn and is a citizen of Mississippi.

   c. Plaintiff Regina Thigpen is the mother and next of kin of Jerelyn

and is a citizen of Georgia.

    d. Plaintiffs Pieter Teeuwissen and Lisa Teeuwissen are the Surviving Parents of Maya E. Teeuwissen and are citizens of Mississippi.

    e. Plaintiffs Nina Teeuwiseen and Lia Teeuwissen are the biological siblings of Maya E. Teeuwissen and are citizens of Mississippi.

    f. Plaintiff Jevontae J. Smith is the father and next of kin of deceased minor Alex Pieter Smith and is a citizen of Mississippi.

7. Plaintiffs bring claims relating to the death of three occupants of the Nissan Altima, seeking recovery for the full value of the lives of the decedents, past medical, funeral, and other expenses, and punitive damages against the Nissan Defendants. *See* Plaintiffs' Complaint, ¶¶ 11 & 12, attached as "Exhibit B." Given these claimed damages, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The fraudulently joined defendants are as follows:

    a. Although Defendant Johnson is a citizen of Georgia, Plaintiffs have improperly and fraudulently joined him in a failed attempt to avoid diversity jurisdiction. His citizenship must not be considered for diversity jurisdiction.

    b. Defendant Saddle Creek Transportation Inc. ("Saddle Creek") is

        also fraudulently joined, because as Johnson's employer, it only would be liable if Johnson is liable.

    c. Defendant Zurich American Insurance Company ("Zurich") is also fraudulently joined because as Johnson's insurer, it only would be liable if Johnson is liable.

    d. Defendant Poch Staffing, Inc. ("Poch") is also fraudulently joined, because as Johnson's employer, it only would be liable if Johnson is liable.

9. The non-fraudulently joined defendants are as follows:

    a. Defendant Nissan North America, Inc. is a Delaware corporation with its principal place of business in Franklin, Tennessee.

    b. Defendant Nissan Motor Co., Ltd. is a Japanese corporation with its principal place of business in Japan.[1]

10.    Although Defendant Johnson is a non-diverse Georgia citizen, he was improperly and fraudulently joined and should not be considered for the purposes of diversity citizenship. Fraudulent joinder is, "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John*

---

[1] Because Nissan Motor Co., Ltd. ("NML") has not been served, consent to removal by NML is not required at this time.  *See* 28 U.S.C. § 1446(b)(2)(A).

*Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder arises under three circumstances: (1) where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Id.*

11. In the fraudulent joinder context, where "some set of easily ascertainable facts establishes that the plaintiff's claim against the resident defendant fails as a matter of law, district courts should find the joinder of the defendant fraudulent, thereby protecting the right of removal." *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1384 (N.D. Ga. 2014).

12. Here, easily ascertainable facts establish that Plaintiffs' negligence claim against Defendant Johnson fails as a matter of law. Similarly, Plaintiffs' claims against Defendants Saddle Creek, Zurich, and Poch fail because those claims are derivative of liability of Johnson.

## JURISDICTION

13. Based upon the aforementioned, this District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Complete diversity exists

between the non-fraudulently joined parties, and the amount in controversy exceeds $75,000, exclusive of fees and costs. For these reasons, the action is removable to this District Court by virtue of the provisions of 28 U.S.C. § 1441(a).

14.  Venue is proper in this District Court under 28 U.S.C. § 1441(a) because the action was filed in the State Court of Clayton County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2); Local Rule 3.1.A, Appendix A.I.1.

15.  Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court over which the United States District Court has original jurisdiction may be removed to the District Court embodying the place where such action is pending. Because Plaintiff's Complaint was originally filed in the State Court of Clayton County, State of Georgia, this District Court has removal jurisdiction over the matter.

## TIMING OF REMOVAL

16.  A notice of removal may be filed within 30 days after the defendant is served a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). NNA's designated agent for receipt of service of process received service of the Complaint on June 29, 2022, making NNA's deadline to remove July 29, 2022. Accordingly, this Notice of

between the non-fraudulently joined parties, and the amount in controversy exceeds $75,000, exclusive of fees and costs. For these reasons, the action is removable to this District Court by virtue of the provisions of 28 U.S.C. § 1441(a).

14.  Venue is proper in this District Court under 28 U.S.C. § 1441(a) because the action was filed in the State Court of Clayton County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 90(a)(2); Local Rule 3.1.A, Appendix A.I.1.

15.  Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court over which the United States District Court has original jurisdiction may be removed to the District Court embodying the place where such action is pending. Because Plaintiff's Complaint was originally filed in the State Court of Clayton County, State of Georgia, this District Court has removal jurisdiction over the matter.

## TIMING OF REMOVAL

16.  A notice of removal may be filed within 30 days after the defendant is served a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). NNA's designated agent for receipt of service of process received service of the Complaint on June 29, 2022, making NNA's deadline to remove July 29, 2022. Accordingly, this Notice of

Removal is timely filed under 28 U.S.C. § 1446(b).

17. In accordance with 28 U.S.C. § 1446(a), a copy of all the pleadings filed in the state court action is attached hereto as "Exhibit B." The state court has issued no orders.

18. A copy of this Notice of Removal is being filed with the Clerk of Court for the State Court of Clayton County, State of Georgia, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Nissan North America, Inc., by its counsel, removes the subject action from the State Court of Clayton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 28th day of July, 2022.

>/s/ Franklin P. Brannen, Jr.
> Franklin P. Brannen, Jr.
> Georgia Bar No. 076432
> Lillian K. Henry
> Georgia Bar No. 783275
> Frank.Brannen@lewisbrisbois.com
> Lillian.Henry@lewisbrisbois.com
> Lewis Brisbois Bisgaard & Smith LLP
> 600 Peachtree Street, NE
> Suite 4700
> Atlanta, GA 30308
> (404) 348-8585
> *Counsel for Nissan North America, Inc.*

## CERTIFICATE OF SERVICE

I, Franklin P. Brannen, Jr., hereby certify that on July 28th, 2022, a true and correct copy of this document was served on all parties via U.S. Mail, proper postage attached hereto, addressed as follows:

Matthew Q. Wetherington
Robert N. Friedman
Eli J. Cohen
WETHERINGTON LAW FIRM, PC
1800 Peachtree Street NE
Atlanta, GA 30309
matt@wfirm.com
robert@wfirm.com
eli@wfirm.com
*Counsel for Plaintiff*

Respectfully submitted, this 28th day of July, 2022.

*/s/ Franklin P. Brannen, Jr.*
Franklin P. Brannen, Jr.
Georgia Bar No. 076432
Lillian K. Henry
Georgia Bar No. 783275
Frank.Brannen@lewisbrisbois.com
Lillian.Henry@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
(404) 348-8585
*Counsel for Nissan North America, Inc.*