**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAVID THIGPEN and REGINA THIGPEN, as Surviving Parents of Jerelyn Thigpen, deceased; JAMES J. DALTON, II, as proposed Administrator of the Estate of Jerelyn Thigpen; PIETER TEEUWISSEN and LISA TEEUWISSEN, as Surviving Parents of Maya E. Teeuwissen; NINA N. TEEUWISSEN and LIA N. TEEUWISSEN, as Administratrices of the Estate of Maya E. Teeuwissen; JEVONTE J. SMITH, as Surviving Parent of Alexander Pieter Smith; and PIETER TEEUWISSEN AND LISA TEEUWISSEN, as Administrators of the Estate of Alexander Pieter Smith | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| NISSAN MOTOR CO., LTD.; NISSAN NORTH AMERICA, INC. SADDLE CREEK TRANSPORTATION INC.; ORLANDO OZELL JOHNSON; ZURICH AMERICAN INSURANCE COMPANY; POCH STAFFING INC. | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.:
1:22-CV-02999-SDG

**DEFENDANTS NISSAN NORTH AMERICA, INC., SADDLE CREEK
TRANSPORTATION, INC., ORLANDO OZELL JOHNSON, AND ZURICH
AMERICAN INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS'
MOTION TO REMAND**

Defendants Nissan North America, Inc. ("NNA"), Saddle Creek Transportation, Inc. ("Saddle Creek"), Orlando Ozell Johnson ("Johnson"), and Zurich American Insurance Company ("Zurich") (collectively referred to as "Defendants"), by and through their attorneys, file this Response to Plaintiffs' Motion to Remand. The reasons for this response are set forth in the incorporated memorandum and declaration of Cedric Jordan, attached as Exhibit A, declaration of Defendant Orlando Johnson, attached as Exhibit B, and incorporated by reference. Defendants further show this Court the following:

## I.    <u>INTRODUCTION</u>

In this wrongful death action arising from a motor vehicle crash, Plaintiffs attempt to avoid removal by fraudulently joining a non-diverse defendant, Orlando Ozell Johnson, the driver of a tractor-trailer, despite having no actionable negligence claim against him under Georgia law. Instead, Decedent Thigpen, who was criminally cited with two counts of homicide by vehicle—among other criminal charges, caused the crash by driving her 2012 Nissan Altima into Defendant Johnson's tractor-trailer.

Not only was Decedent Thigpen criminally charged for her reckless driving that caused the accident, there are no facts—in any way shape or form—to support any allegation that Defendant Johnson was driving in a negligent manner. Indeed,

an eyewitness account of the collision confirms that Defendant Johnson was maintaining his lane, driving the speed limit – if not below, and that it was Decedent Thigpen who drove her car into Defendant Johnson's tractor-trailer after weaving in and out of three busy lanes of the interstate at an excessive speed. (*See* Declaration of Cedric Jordan, attached as Exhibit A, ¶¶ 4-6; 9-10). This eye witness account is further supported by Defendant Johnson himself, who was operating his tractor-trailer below the posted speed limit in a safe and prudent manner, only became aware of the subject Nissan upon impact with the rear of his tractor-trailer, and received no traffic citation as a result of the accident. (*See* Declaration of Defendant Johnson, attached as Exhibit B, ¶¶ 5-9).

Plaintiffs cannot achieve remand on the basis that they state a claim for negligence against Defendant Johnson according to Georgia's notice pleading standard. Plaintiffs must offer some factual basis for Defendant Johnson's negligence to state a colorable claim under Georgia law. But Plaintiffs provide no factual statement in their Complaint or motion to remand that would provide a basis for liability against Defendant Johnson. And the likely reason that Plaintiffs have not provided this factual basis for liability is because no such facts exist.

To the contrary, Defendants have met their burden in proving fraudulent joinder. In addition to Plaintiffs' failure to allege facts sufficient to state a colorable

claim for negligence, Defendants offer evidence in the form of the (1) crash report, which shows Decedent Thigpen as causing the accident; (2) declaration of Cedric Jordan, an eye witness who saw Decedent Thigpen drive directly into Defendant Johnson's tractor-trailer; and (3) declaration of Defendant Johnson, which states he was obeying all laws of traffic prior to the collision. This evidence, which the Court is permitted to consider, in conjunction with Plaintiffs' failure to offer any factual support for their claim, show that there is no reasonable possibility that Plaintiffs can prove a cause of action against Defendant Johnson under Georgia law.

Accordingly, this Court should deny Plaintiffs' Motion to Remand.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

On October 10, 2020, Jerelyn Thigpen was driving eastbound in a Nissan Altima on Interstate 20 in the center lane, with Maya E. Teeuwissen and her son Alexander Pieter Smith as passengers. (Pls' Complaint, ¶¶ 2.1-2.3; 2.9; Ex. A, ¶¶ 3-4). Decedent Thigpen was driving erratically. (Ex. A, ¶ 6). Specifically, she was speeding and weaving in and out of all three lanes of traffic on the interstate. *Id.*

At that time, Defendant Johnson was driving a tractor-trailer in the right lane of Interstate 20. (Pls' Complaint, ¶ 2.7; Ex. A, ¶ 5; Ex. B, ¶¶ 2-3). Defendant Johnson was driving below the posted speed limit with his emergency lights on due to Hurricane Delta recently passing through the area, and he was maintaining his lane

4

of travel in the right lane. (Ex. A, ¶ 12-13; Ex. B, ¶¶ 4-5). Indeed, Cedric Jordan, who was also driving eastbound on Interstate 20 at the same time, observed Defendant Johnson obeying all laws of traffic, and never observed Defendant Johnson weave out of the right lane, nor did he witness Defendant Johnson drive in an unreasonable or unsafe manner. (Ex. A, ¶¶ 13-15).

At some point while Decedent Thigpen was weaving in and out of traffic at an excessive speed, she eventually weaved in front of a truck in the middle lane of the interstate. (*Id.* at ¶ 9). It was at this point, Decedent Thigpen swerved out of the middle lane and drove directly into the left side of Defendant Johnson's tractor-trailer that he was driving in the right lane. (*Id.* at ¶ 10).

There was nothing Defendant Johnson could have done to avoid Decedent Thigpen driving directly into his lane and into his tractor-trailer. (*Id.* at ¶ 17). Indeed, Defendant Johnson first became aware of the Decedent Thigpen's vehicle upon impact with the rear of his tractor-trailer. (Ex. B, ¶ 8). Decedent Thigpen's erratic driving caused the collision, and she was ultimately criminally cited with the following as a consequence of the collision: (1) two counts of homicide by vehicle under O.C.G.A. § 40-6-393(c); (2) one count under O.C.G.A. § 40-6-49 for following too closely; and (3) one count under O.C.G.A. § 40-6-180 for driving too fast for conditions. (Ex. A, ¶ 16; *see* Georgia Motor Vehicle Crash Report, p. 3,

5

attached as Exhibit A to NNA's Notice of Removal). Defendant Johnson received no traffic citations as a result of the accident. (Ex. B, ¶ 9).

On April 28, 2022, Plaintiffs filed this wrongful death action against NNA and other defendants by filing a Complaint in the State Court of Clayton County in the State of Georgia, bearing case number 2022CV00864. Despite having no factual support, Plaintiffs brought a negligence claim against Defendant Johnson, alleging that Defendant Johnson owed "certain civil duties to Jerelyn, Alex, and Maya[.]" (Pls' Complaint, ¶ 3.4). Plaintiffs vaguely assert Defendant Johnson violated these certain duties in the following ways: (1) "failing to make reasonable and proper observations while driving or, if reasonable and proper observations were made, failing to act thereon;" (2) "failing to observe or undertake the necessary precautions to keep his truck from colliding" with Decedent Thigpen's Nissan Altima; (3) committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial;" and (4) negligently operated the tractor-trailer truck causing the collision with the subject vehicle." (*Id.* at ¶¶ 3.4.1-3.5).

Plaintiffs also named (1) Defendant Saddle Creek, Defendant Johnson's employer; (2) Defendant Zurich, Defendant Saddle Creek's insurer; and (3)

6

Defendant Poch[1], the staffing company that hired Defendant Johnson.

NNA removed this case on July 28, 2022 based on the fraudulent joinder of Defendants Johnson, Saddle Creek, Zurich, and Poch. Plaintiffs' filed a motion to remand on August 24, 2022.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

Plaintiffs "are the master[s] of [their] complaint," and if they choose a state forum, "they may structure their case to avoid removal." *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1380 (N.D. Ga. 2014). "But their right to avoid federal jurisdiction is subject to a caveat: the method of avoidance cannot be fraudulent." *Id.* (citing *Scimone v. Carnival Corp.*, 720, 882 F.3d 876 (11th Cir. 2013)). The removal process was "created by Congress to protect defendants," and it "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154

---

[1] Defendants believe that Defendant Poch will soon be filing a Motion for the Substitution of a Party-Defendant, requesting to substitute Midwest Construction Services, Inc., d/b/a Trillium Driver Solutions in place of Poch. However, this substitution, if granted, will not alter the fraudulent joinder analysis.

F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder exists where there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *See id.*

If "some set of easily ascertainable facts establishes that the plaintiff's claim against the resident defendant fails as a matter of law, district courts should find the joinder of the defendant fraudulent, thereby protecting the right of removal." *Manley*, 17 F. Supp. 3d at 1384 (N.D. Ga. 2014) (proximate cause lacking as a matter of law where eighteen months and nearly 22,000 miles had elapsed between the allegedly negligent tire service and incident giving rise to claim); *see Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir. 1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal.").

Unlike at the motion to dismiss stage, district courts determine whether fraudulent joinder exists "based upon the plaintiff's pleadings at the time of removal," but may also consider materials outside the complaint, such as affidavits or depositions transcripts. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Thus, the proceeding appropriate for resolving claims of fraudulent joinder is similar to that used for a summary judgment motion. *Legg v. Wyeth*, 428

F.3d 1317, 1322-23 (11th Cir. 2005). As a result, all questions of fact are resolved in favor of plaintiffs; however, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.* at 1323 (finding no question of fact for district court to resolve where plaintiff did not rebut defendants' affidavits in fraudulent joinder analysis); *see Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) (the court does not, however, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts).

Stated another way, plaintiffs must plead specific facts to show that a possibility of recovery under state law exists, not mere conclusory allegations. *See Miner v. Hirschback Motor Lines, Inc.*, No. 1:05CV0703, 2005 U.S. Dist. LEXIS 11249, at *4, n. 1 (N.D. Ohio June 7, 2005) (finding that plaintiff's complaint contained no allegations of specific negligence, and that plaintiff's "conclusory allegation of negligence on part of the [resident defendant]" came close to violating the requirement of Fed. R. Civ. P. 11(b)(3), which requires allegations or other factual contentions to have evidentiary support).

## B. **Plaintiffs fail to offer any set of facts showing Defendant Johnson breached a duty and fail to provide any evidence to rebut the facts first submitted by NNA in its Notice of Removal.**

Here, easily ascertainable facts establish that Plaintiffs' negligence claim against Defendant Johnson fails as a matter of law. Specifically, (1) Plaintiffs fail to

plead any particular acts of negligence by Defendant Johnson in their Complaint, (2) NNA and Defendants have submitted evidence to the Court in the form of the crash report; a declaration of an eye witness establishing that Defendant Johnson did not breach a duty while operating the tractor-trailer; and a declaration of Defendant Johnson establishing that he did not breach any duty, and (3) Plaintiffs do not rebut Defendants' evidence or bring forth any evidence or factual showing that Defendant Johnson breached any duty – and it will be too late to do so in their Reply Brief.

First, Plaintiffs imply that all they need to do is satisfy Georgia's fair notice pleading standard and that, according to their Complaint, they have established that there is a "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants[.]" (Pls' Mot. to Remand, ¶¶ 6-8) (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011)). However, as addressed in *Manley*, "[t]o the extent Plaintiffs argue *Stillwell* requires this Court's fraudulent-joinder analysis to be the same as a Georgia court's analysis of a motion to dismiss for failure to state a claim, they are mistaken." *Manley*, 17 F. Supp.3d at 1383.

Indeed, as in *Manley*, it is true that Plaintiffs allege in their Complaint that Defendant Johnson was negligent and that his negligence caused the collision, but "this is a legal conclusion and thus need not be accepted as true." *Id.* at 1384-85.

Instead, the question is "whether there is some set of provable facts that might establish" Defendant Johnson breached a duty while driving. *Id.* at 1385. But Plaintiffs offer none.

Here, the only set of *facts* before the Court regarding Defendant Johnson's driving are those offered by NNA and Defendants in the form of the crash report, declaration of Cedric Jordan, an eyewitness to the crash, and declaration of Defendant Johnson himself. Specifically, Mr. Jordan witnessed Decedent Thigpen driving erratically, weaving in and out of all three lanes of traffic at an excessive speed until she ultimately drove directly into Defendant Johnson's right lane and into the left side of his tractor-trailer. (Exhibit A, ¶¶ 6-10). Mr. Jordan even moved his own vehicle into a different lane to avoid Decedent Thigpen's erratic driving. (*Id.* at ¶ 8). Further, Mr. Jordan witnessed Defendant Johnson's driving of his tractor-trailer prior to the collision, and observed that Defendant Johnson was driving the speed limit, if not below, and maintaining his lane of travel the entire time. (*Id.* at ¶¶ 11-15). Defendant Johnson was obeying all laws of traffic, was not driving in an unreasonable or unsafe manner, and never weaved out of his lane prior to being struck by Decedent Thigpen. (*Id.* at ¶¶ 13-15). Mr. Jordan's account is further supported by Defendant Johnson's account contained in his declaration. (*See generally*, Ex. B). And by all accounts, Decedent Thigpen was at fault in causing the

collision. (Ex. A at ¶ 16-17; *see* Georgia Motor Vehicle Crash Report, p. 3, attached as Exhibit A to NNA's Notice of Removal).

Plaintiffs address the crash report in their motion to remand only to assert that "an investigative agency does not constitute an adjudication of fault in a civil claim," and that Decedent Thigpen made no admission of fault. (Pls' Mot. to Remand, ¶¶ 10-11). However, this entirely fails to address the lack of specific negligent conduct of Defendant Johnson Plaintiffs are required to identify to overcome fraudulent joinder. Specifically, Plaintiffs provide no examples of how Defendant Johnson was negligent—Plaintiffs do not allege he was speeding, driving erratically, failed to maintain his lane, or acted in any particular negligent manner.

Instead, this case is analogous to *Miner*, where a defendant driver crossed an entire median before colliding with the plaintiff's decedent in a different lane. *Miner*, 2005 U.S. Dist. LEXIS 11249, at *1. In addition to naming the non-resident driver as a defendant, the plaintiff also named the resident Ohio Turnpike Commission as a defendant, making conclusory allegations of negligence, and claimed she was "actively investigating the basis for her claim against the Turnpike Commission." *Id.* at *2. However, in denying the plaintiff's motion to remand, the Court noted that this did "not relieve her of the obligation of having made some

specific factual allegation in her complaint that would justify a reason to believe that she ha[d] a *bona fide* claim against the Commission." *Id.* at \*3.

Likewise here, Plaintiffs simply allege negligence against Defendant Johnson while failing to offer any facts explaining how he breached any duty owed to Decedents Thigpen, Smith, or Teeuwissen. Further, unlike in *Miner*, Plaintiffs fail to even specify in their motion to remand that they believe their investigation will uncover evidence supporting their negligence claim. Plaintiffs likely do not make any factual assertion because they are aware of the obligations of Rule 11, which requires that any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3). Moreover, Plaintiffs may not raise any additional facts or arguments in their Reply Brief. *See Mesones v. Estevez*, No. 19-14119, 2021 U.S. App. LEXIS 25191, \*13, n.4 (11th Cir. Aug. 23, 2021) (striking plaintiffs' reply brief after it raised new arguments not addressed in initial brief); *see also Boring v. Pattillo Indus. Real Estate*, 426 F. Supp. 3d 1341 (N.D. Ga. 2019) ("case law is well-settled that the Court need not consider arguments in reply") (citing *Riechmann v. Fla. Dep't of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019)).

13

Plaintiffs have failed to identify any set of facts that would allow recovery against Defendant Johnson under Georgia law, and Defendants have offered evidence establishing that Defendant Johnson did not breach any duty as a matter of law. Accordingly, Defendants have met their burden in establishing the fraudulent joinder of Defendant Johnson. Similarly, Plaintiffs' claims against Defendants Saddle Creek, Zurich, and Poch fail because those claims are derivative of liability of Defendant Johnson.

Plaintiffs' Motion to Remand should be denied.

## IV.     CONCLUSION

For the reasons stated above, Defendants Nissan North America, Inc., Saddle Creek Transportation, Inc., Orlando Ozell Johnson, and Zurich American Insurance Company respectfully request this Court DENY Plaintiffs' Motion to Remand.

This 21st day of September, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Lillian K. Henry
Franklin P. Brannen
Georgia Bar No. 076432
Lillian K. Henry
Georgia Bar No. 783275

600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Tel: 404.348.8585
Fax: 404.467.8845
frank.brannen@lewisbrisbois.com

14

lillian.henry@lewisbrisbois.com

*Counsel for Defendant Nissan North America, Inc.*


**MCANGUS GOUDELOCK & COURIE**
*/s/ Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275

270 Peachtree Street, NW
Suite 1800
Atlanta, Georgia 30343
(678) 510 1526
melody.kiella@mgclaw.com
terri.bernal@mgclaw.com

Terri L. Bernal
Georgia Bar No. 721689

*Attorneys for Defendants Saddle Creek Transportation, Inc., Orlando Ozell Johnson, and Zurich American Insurance Company*

15

## <u>RULE 7.1D CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14 point size.

Dated: September 21, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Lillian K. Henry*
Lillian K. Henry
Georgia Bar No. 783275

16

## CERTIFICATE OF SERVICE

This is to certify that on this day a copy of the foregoing **DEFENDANTS'**

**RESPONSE TO PLAINTIFFS' MOTION TO REMAND** has been electronically

filed via ECF, providing automatic electronic service to the following counsel of

record:

Matthew Q. Wetherington
Robert N. Friedman
Eli J. Cohen
WETHERINGTON LAW FIRM, PC
1800 Peachtree Street NE
Atlanta, GA 30309
matt@wfirm.com
robert@wfirm.com
eli@wfirm.com
*Counsel for Plaintiff*

Melody C. Kiella
MCANGUS GOUDELOCK & COURIE, LLC
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30343
melody.kiella@mgclaw.com
*Counsel for Defendants Saddle Creek
Transportation, Inc., Orlando Ozell Johnson, and
Zurich American Insurance Company*

Andrew D. Horowitz
DREW ECKL & FARNHAM, LLP
303 Peachtree Street NE
Suite 3500
Atlanta, GA 30308
horowitzA@deflaw.com
*Counsel for Defendant Poch Staffing, Inc.*

17

Jason D. Darneille
GOWER, WOOTEN & DARNEILLE
4200 Northside Parkway, NW
Building 12
Atlanta, GA 30327
jdarneille@gwdlawfirm.com
*Counsel for Progressive Gulf Insurance Company*

Respectfully submitted this September 21st, 2022

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Lillian K. Henry*

600 Peachtree Street NE           Franklin P. Brannen, Jr.
Suite 4700                        Georgia Bar No. 076432
Atlanta, Georgia 30308            Lillian K. Henry
Tel:  404.348.8585                Georgia Bar No. 783275
Fax:  404.467.8845
Frank.Brannen@lewisbrisbois.com
Lillian.Henry@lewisbrisbois.com   *Counsel for Defendant Nissan North
                                  America, Inc.*

18