**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DAVID THIGPEN, *as surviving parent of Jerelyn Thigpen, deceased, et al.*,<br>    Plaintiffs,<br><br>           v.<br><br>NISSAN MOTOR CO., LTD., *et al.*,<br>    Defendants. | Civil Action No.<br>1:22-cv-02999-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Remand [ECF 14] and Defendant Nissan North America, Inc.'s (NNA) Motion to Disregard Affidavit [ECF 28]. For the following reasons, NNA's motion is **DENIED** and Plaintiffs' motion is **GRANTED**.

**I.   Background**

   **A.   Factual Allegations**

This dispute arises out of a car accident that left three people dead. The evening of October 10, 2020, Jerelyn Thigpen was driving a Nissan Altima (the Car) in the eastbound left lane on I-20 in Douglas County, Georgia.[1] Maya Teeuwissen and her three-year old son, Alexander Smith, were passengers in the

---

1   ECF 1-2, ¶¶ 2.1, 2.9.

Car.[2] Defendant Orlando Johnson was driving a tractor-trailer (the Truck) in the eastbound righthand lane of I-20.[3] The Truck was owned by Defendant Saddle Creek Transportation Inc.[4] Plaintiffs allege that the Truck struck the Car, with the Car becoming pinned under the Truck (a "side underride crash").[5] Johnson stopped the Truck with the Car still stuck underneath.[6] The Car burst into flames, with Thigpen, Teeuwissen, and Smith still inside.[7] Teeuwissen and Smith died in the Car from the fire.[8] Passing motorists were able to free Thigpen, who died over three months later from her injuries.[9]

### B. Procedural History

On April 28, 2022, Plaintiffs filed suit in the State Court of Clayton County, Georgia.[10] Plaintiffs are David and Regina Thigpen, the surviving parents of Thigpen; James J. Dalton, II, as the proposed administrator of Thigpen's estate;

---

[2]  *Id.* ¶ 2.3.
[3]  *Id.* ¶ 2.7.
[4]  *Id.* ¶ 2.8.
[5]  *Id.* ¶ 2.11.
[6]  *Id.* ¶ 2.12.
[7]  *Id.* ¶¶ 2.13–2.14.
[8]  *Id.* ¶¶ 2.16–2.17.
[9]  *Id.* ¶¶ 2.15, 2.18, 2.21–2.22.
[10] ECF 1-2.

Pieter and Lisa Teeuwissen, the surviving parents of Teeuwissen; Nina and Lia Teeuwissen, as the administrators of Teeuwissen's estate; Jevonte Smith, as the surviving parent of Smith; and Pieter and Lisa Teeuwissen, as the administrators of Smith's estate. The named Defendants are Saddle Creek; Zurich American Insurance Company (Saddle Creek's insurer); Poch Staffing, Inc. (which allegedly employed Johnson at the time of the accident); Johnson; and Nissan Motor Co., Ltd. and NNA (collectively, Nissan).[11] NNA allegedly advertised, sold, and serviced the Car.[12]

The Complaint asserts a claim against Johnson for negligence, contending that he caused the collision;[13] claims against Saddle Creek and Poch Staffing for liability under a variety of theories (including vicarious liability, failure to train, and negligent hiring);[14] a cause of action against Zurich as Saddle Creek's insurer;[15] and claims for strict product liability, negligence, failure to warn, and

---

[11]   *Id.* at 2 (caption), ¶¶ 1.11–1.16.

[12]   *Id.* ¶ 1.16.20.

[13]   *Id.* ¶ 3.5.

[14]   *Id.* ¶¶ 4.5–4.7 (Saddle Creek), 6.5–6.6 (Poch Staffing).

[15]   *Id.* ¶ 5.5.

punitive damages against Nissan because the Car's fuel system allegedly failed and led to the deaths of Thigpen, Teeuwissen, and Smith.[16]

On July 28, 2022, NNA removed to this Court on the basis of diversity jurisdiction.[17] It asserts that Johnson, who is a citizen of Georgia, was fraudulently joined because Plaintiffs have no possible negligence claim against him.[18] NNA argues that Thigpen was the one responsible for the crash and she was criminally cited as a result, attaching the Georgia Motor Vehicle Crash Report of the incident to their Notice of Removal.[19] NNA further asserts that, since the causes of action against Saddle Creek, Poch Staffing, and Zurich all depend on Johnson's liability, those Defendants were also fraudulently joined.[20] Because the Notice of Removal did not correctly identify the citizenship of Plaintiffs, on February 24, 2023, the Court issued an Order for Plaintiffs to Show Cause as to their citizenship in their representative capacities.[21] Plaintiffs responded to the OTSC on March 3.[22]

---

16   *Id.* ¶¶ 7–9.

17   ECF 1.

18   *Id.* ¶ 1.

19   *Id.* ¶¶ 2–3.

20   *Id.* ¶ 8.

21   ECF 37.

22   ECF 38.

## II.      Applicable Legal Standard

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship of the parties. 28 U.S.C. § 1332. Complete diversity does not exist "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

Here, the Complaint alleges that Johnson is a Georgia citizen.[23] Saddle Creek is a citizen of Florida where it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).[24] Zurich is alleged to have its headquarters in

---

23   ECF 1-2, ¶ 1.14.

24   *Id.* ¶ 1.11; https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=237470&businessType=Foreign%20Profit%20Corporation&fromSearch=True, last accessed Mar. 8, 2023. Fed. R. Evid. 201(b)(2) (concerning judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Pennsylvania.[25] Poch Staffing is a citizen of Michigan.[26] Nissan Motor Co. is a citizen of Japan and NNA is a citizen of Delaware and Tennessee.[27] In their individual and representative capacities, Plaintiffs are citizens of Georgia, Mississippi, and Texas.[28] Complete diversity is therefore lacking because there are citizens of Georgia on both sides of the case—Regina Thigpen and Johnson. 28 U.S.C. § 1332(a)(3).

Further, because Johnson is a citizen of the forum state, removal was improper regardless of the existence of complete diversity unless he was fraudulently joined. *Id.* § 1441(b)(2); *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Fraudulent joinder applies "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction."

---

[25] *Id.* ¶ 1.12. The Georgia Secretary of State's website, however, indicates that Zurich is a citizen of New York (where it is incorporated) and Illinois (where it has its principal place of business). https://ecorp.sos.ga.gov/Business Search/BusinessInformation?businessId=588433&businessType=Foreign%20 Insurance%20Company&fromSearch=True, last accessed Mar. 8, 2023. For reasons that will become clear in short order, this discrepancy is immaterial since there is no indication Zurich is a citizen of Georgia, Mississippi, or Texas.

[26] ECF 1-2, ¶ 1.13; https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformati on?businessId=2953587&businessType=Foreign%20Profit%20Corporation&f romSearch=True, last accessed Mar. 8, 2023.

[27] ECF 1, ¶ 9.

[28] ECF 38.

*Henderson*, 454 F.3d at 1281. When this occurs, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.*

The removing party, however, bears the "heavy burden" of proving fraudulent joinder. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). It must show by clear and convincing evidence that "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Defendants here rely on the first prong. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

This standard of review is "similar to that used for ruling on a motion for summary judgment" because the Court can examine evidence beyond the pleadings. But it is not the same:

> When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state

> law. *If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.*

*Crowe*, 113 F.3d at 1538 (emphasis added) (citations and internal quotation marks omitted). Further, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380. *See also Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (stating that all questions of fact must be resolved in the plaintiff's favor).

When a defendant presents affidavits or deposition transcripts that are undisputed by the plaintiff, however, the Court cannot resolve the facts in the plaintiff's favor based solely on unsupported allegations in the complaint. Rather, the plaintiff generally must come forward with some evidence to dispute sworn testimony submitted by the defendant in order to support remand. *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 871 (11th Cir. 2015) (citing *Legg*, 428 F.3d at 1323–25). In fact, a court can abuse its discretion by failing to consider sworn testimony by *either* party when resolving a question of fraudulent joinder. *Id.*

**III.  Discussion**

Because it affects the evidence relevant to the motion to remand, the Court first addresses NNA's motion to disregard the Ponder Affidavit.

**A.   The Ponder Affidavit**

Plaintiffs filed the expert affidavit of Perry Lee Ponder with their reply brief in support of the motion to remand.[29] NNA objects to the Court's consideration of that evidence because it is a "new matter" that could have been submitted with Plaintiffs' opening brief.[30] In pressing this point, NNA cites *Snadon v. Sew-Eurodrive Inc.*, 421 F. Supp. 3d 1360, 1365 (N.D. Ga. 2019)—a prior decision of this Court.[31] According to NNA, Plaintiffs were required to provide all supporting arguments and evidence with their opening brief.[32] Plaintiffs contend that their opening brief addressed the evidence NNA provided in support of the Notice of Removal (which consisted only of the crash report) and that their reply brief properly attached the Ponder Affidavit to counter evidence NNA filed with its opposition brief.[33]

---

[29]  ECF 27-1.
[30]  ECF 28, at 3.
[31]  *Id.* at 4.
[32]  *Id.* at 6.
[33]  ECF 30.

NNA's argument misapplies the burden of proof on removal and incorrectly characterizes *Snadon*.

### 1.    Supplying Evidence with a Reply Brief

In *Snadon*, the plaintiff filed an affidavit by her attorney after the completion of briefing on a motion to remand. 421 F. Supp. 3d at 1364. In concluding that Snadon's lawyer's affidavit should be disregarded, this Court stated:

> [T]he affidavit was untimely and improper. Plaintiff did not file it with her original motion ***or her reply brief***. Moreover, the affidavit was filed 20 days after Defendants filed their response. It was therefore filed six days after the deadline for Plaintiff's reply. Nor did Plaintiff seek leave of Court to file the affidavit or provide any excusable explanation for her failure to timely file the affidavit.

*Id.* (citations omitted) (emphasis added). In addition, the affidavit was only relevant because it relied on inadmissible hearsay. *Id.* at 1365. All of this led to the Court's ruling. In contrast, Plaintiffs here timely filed the Ponder Affidavit with their reply brief; the affidavit does not rely on inadmissible hearsay; and Plaintiffs have explained the logistical reasons why they were unable to procure the affidavit sooner.[34]

---

34   ECF 30, at 7–8; ECF 34, at 4.

It is generally true that "a court should not consider arguments raised for the first time in a reply brief." *Reliance Ins. Co. of Ill. v. Richfield Hosp. Servs., Inc.*, 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000). That proposition does not, however, prevent a reply brief from addressing arguments first raised in the opposing brief. That's what a good reply brief *should* do. "While '[n]ew evidence is not properly considered if offered for the first time in support of a reply brief, . . . **evidence can be offered to rebut a point raised in an opposition brief**.'" *Parker v. Alcon Mgmt. S.A.*, No. 21-14068, 2022 WL 3905872, at *3 (11th Cir. Aug. 31, 2022) (per curiam) (quoting *Thompson v. Alabama*, 428 F. Supp. 3d 1296, 1307 (M.D. Ala. 2019)) (emphasis added) (omission in original) (concluding district court did not err in relying on declaration attached to reply brief in finding no personal jurisdiction). And it's precisely what Plaintiffs did here—they supplied the Ponder Affidavit to rebut the declarations Defendants filed in support of their opposition brief.

### 2. Burden

In opposing the Court's consideration of the Ponder Affidavit, NNA also attempts to place the burden on Plaintiffs to have come forward with all relevant evidence when they filed the motion to remand.[35] But the duty falls squarely on

---

[35] ECF 28, at 5–6.

Defendants to show that Plaintiffs have no possible claim against Johnson, not on Plaintiffs to prove their nascent claim. *Stillwell*, 663 F.3d at 1332; *Crowe*, 113 F.3d at 1538. Plaintiffs' opening brief responded to the only evidence Defendants supplied with their Notice of Removal—the crash report.[36] Since the burden belongs to Defendants, Plaintiffs did not need to respond to arguments Defendants had not yet made.

### 3.     Reliance on the Pleadings

Finally, NNA's reliance on *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989), to support its motion to disregard is also misplaced. NNA suggests that the determination of whether a party was fraudulently joined is based on the pleadings at the time of removal.[37] That is true. But the determination is not *only* based on the pleadings. *Cabalceta* makes clear that the removing party bears the burden of establishing fraudulent joinder. *Id.* at 1561. Questions of fact and law should be decided in the plaintiff's favor and the district court may consider evidence. *Id.* Thus, while the determination of whether Plaintiffs can possibly maintain a claim against Johnson is based on what was alleged in the Complaint, the Court can still properly consider the Ponder Affidavit. Unlike the

---

[36]   ECF 14, ¶¶ 9–11.

[37]   ECF 34, at 2–3.

plaintiffs in *Cabalceta*, Plaintiffs here are not, in support of remand, attempting to pursue a new theory of liability against Johnson that was not contained in the Complaint. *Compare id.* at 1561–62. Rather, Ponder's testimony supplies additional facts supporting the negligence claim that was pleaded against Johnson in the first place. The Court of Appeals in *Cabalceta* remanded to the district court on the fraudulent joinder issue because the lower court had improperly placed the burden on the *plaintiffs* to show a colorable claim instead of on the defendants to show that there was no possible claim. *Id.* at 1562.

None of the reasons put forward by NNA for why the Court should disregard the Ponder Affidavit are persuasive. Accordingly, NNA's motion is denied and the Court will consider the Ponder Affidavit in support of Plaintiffs' motion to remand.

### B. The Motion to Remand

#### 1. The Parties' Arguments

Plaintiffs move to remand, arguing that there is not complete diversity among the parties and removal was improper because Johnson is a citizen of the forum state.[38] They assert that NNA failed to show that the claims against Johnson

---

38  ECF 14.

are barred as a matter of law.[39] Plaintiffs also argue that the criminal citation issued to Thigpen as a result of the accident is irrelevant in this civil action.[40]

Defendants oppose the motion.[41] They argue that there are no facts supporting the allegation that Johnson was driving negligently.[42] They present a declaration from an eyewitness who testified that it was Thigpen who was driving recklessly and caused the accident.[43] Johnson also provided a declaration as to his purported lack of negligence that evening.[44] Finally, the crash report was attached to the Notice of Removal, and reflects that Thigpen was charged with three misdemeanors as a result of the accident.[45] Defendants contend that Plaintiffs must "offer some factual basis" to state a colorable claim against Johnson but failed to do so in the Complaint or motion to remand.[46] Plaintiffs rely on the Ponder Affidavit, which describes how Johnson's conduct was below the standard of care

---

[39] *Id.* ¶ 9.

[40] *Id.* ¶¶ 10–11.

[41] ECF 24. Nissan Motor Co. did not join in the opposition brief; the motion was fully briefed before it appeared in the case [ECF 31; ECF 33].

[42] ECF 24, at 2.

[43] *Id.* at 3; ECF 24-1.

[44] ECF 24-2.

[45] ECF 1-1.

[46] ECF 24, at 3.

for a truck driver and attributes that conduct as a partial cause of the accident and fire.[47]

### 2. Timing and Burden

Defendants' arguments here again improperly attempt to flip the burden of proof onto Plaintiffs. Defendants removed and they must show by clear and convincing evidence that there is "no possibility" Plaintiffs can establish a cause of action against Johnson. *Stillwell*, 663 F.3d at 1332. Factual allegations and any questions of law must be interpreted in Plaintiffs' favor. *Legg,* 428 F.3d at 1323; *Pacheco de Perez*, 139 F.3d at 1380. Although Defendants criticize the Complaint for its alleged lack of factual support,[48] Plaintiffs brought suit in state court and Georgia is a notice pleading state. *Tenet Healthsystem GB, Inc. v. Thomas*, 304 Ga. 86, 89 (2018) (Under O.C.G.A. § 9-11-8(a)(2), "a complaint need only provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)). Because of the posture of this case, Plaintiffs need not rely solely on the allegations in the Complaint to counter Defendants' fraudulent joinder arguments. In fact, because Defendants presented sworn testimony in opposing remand, Plaintiffs must rebut Defendants' evidence with

---

[47] ECF 27-1.

[48] *See, e.g.*, ECF 24, at 6, 9–10.

their own. *Shannon*, 610 F. App'x at 871 (11th Cir. 2015); *Legg*, 428 F.3d at 1323–25. Plaintiffs have done so, and the Court considers all the evidence in the light most favorable to them. *Pacheco de Perez*, 139 F.3d at 1380.

Moreover, Defendants incorrectly fault Plaintiffs for failing to anticipatorily rebut the defense evidence, claiming that it was too late for Plaintiffs to do so in their reply in support of remand.[49] As discussed above, there was nothing improper about Plaintiffs' submission of the Ponder Affidavit with their reply—rather than opening—brief.

### 3. A Negligence Claim Against Johnson Is Possible.

The question thus facing the Court is whether Defendants have shown by clear and convincing evidence that Plaintiffs have no possible negligence claim against Johnson. Defendants have not carried that burden. In Georgia, "to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 841 (2017) (citation omitted).

The existence of a duty is plain: "All drivers using the highways are held to the exercise of due care. Every driver is under a duty to keep a proper lookout for

---

[49] ECF 24, at 10.

potential hazards." *Hayes v. Crawford*, 317 Ga. App. 75, 78 (2012) (citations omitted). The Complaint alleges that Johnson, as a commercial vehicle operator, owed a duty of care to Thigpen, Teeuwissen, and Smith and breached it by:

- failing to make reasonable and proper observations while driving;

- failing to take the necessary precautions to prevent the Truck from colliding with the Car; and

- negligently operating the Truck and causing the collision.[50]

That conduct is the purported proximate cause of the severe injuries to, and the death of, Thigpen, Teeuwissen, and Smith.[51]

Although Defendants assert that Plaintiffs failed to "plead any particular acts of negligence" by Johnson,[52] the Ponder Affidavit identifies specific conduct that supports the negligence claim against Johnson. In particular, Ponder opines that Johnson was negligent because he

- failed to stop immediately once the Car slid underneath the Truck's trailer to minimize "the crushing and occupant trapping forces exerted by the trailer and its wheels" and "the prolonged introduction of fire-igniting

---

50    ECF 1-2, ¶¶ 3.2–3.5.

51    *Id.* ¶¶ 3.6–3.11.

52    ECF 24, at 19–10.

- sparks from the vehicle's metal parts scraping the road as it [was] dragged toward a stop";[53] and

- was handling a cell phone or other electronic device in violation of Georgia and Federal law, "after the passenger vehicle [became] wedged under the side of his trailer as he [brought] his rig to a prolonged stop."[54]

Ponder concludes that Johnson's conduct caused greater damages than might otherwise have occurred, exacerbated the injuries suffered by Thigpen, Teeuwissen, and Smith, and may have been the reason why the Car burst into flames.[55]

So, even assuming that the crash report is admissible to show that Thigpen purportedly caused the accident (something the Court need not decide here), this would only create a dispute about how fault should be apportioned—not show that there is no conceivable way Johnson was also negligent. The proximate cause of an injury "may be two separate and distinct acts of negligence acting concurrently[,] and the person injured may recover from either or both of the persons responsible. The mere fact that the plaintiff's injuries would not have been sustained had only one of the acts of negligence occurred will not of itself operate

---

[53] ECF 27-1, ¶¶ 10–11.

[54] Id. ¶¶ 15–17.

[55] Id. ¶ 18. See generally ECF 27-1.

to limit the other act as constituting the proximate cause." *Hayes*, 317 Ga. App. at 78 (quoting *Vann v. Finley,* 313 Ga. App. 153, 163 (2011)) (alteration in original).

In short, Defendants have failed to establish by clear and convincing evidence that there is no possibility Plaintiffs can prove a cause of action against Johnson. *Stillwell*, 663 F.3d at 1332; *Crowe*, 113 F.3d at 1538. Since the claim against Johnson is viable, the dependent claims against Saddle Creek, Poch Staffing, and Zurich are also viable. Neither they nor Johnson were fraudulently joined.

## IV. Conclusion

NNA's Motion to Disregard Affidavit [ECF 28] is **DENIED**. Plaintiffs' Motion for Remand [ECF 14] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this action to the State Court of Clayton County, Georgia.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge